## OHIO SUPREME COURT—Continued

### No. 267

No. 18038—The Board of Education of Butler Township, Darke County, Ohio, Centralized School District, v. J. C. Campbell, etc., et al. Error to the Court of Appeals of Darke county.

1068.    SCHOOLS—Residents of a rural school district transferred to a village district under 4692 GC. cannot thereafter participate in school elections of the rural district, and all control of school funds and bonding, by 4726-1 and 4692 GC. go exclusively to board of centralized district.

DAY, J.

1. Residents of a rural school district transferred to a village school district by the county board of education, pursuant to Section 4692, General Code, become electors in such village school district, provided they possess other legal qualifications, and can take no part in school election held in the school district from which they were transferred.

2. The power conferred upon townships in which they are one or more school districts to centralize the schools therein, as provided in Section 4726-1, does not supersede the power granted to the county board of education in Section 4692, General Code, authorizing the transfer of school territory from one district to another. When the county board transfers to a village school district a portion of the territory contained within the township seeking to centralize, all control of school funds of such transferred territory and the issuing of school bonds, etc., is by the action of the county board exclusively vested in the board of education to which such territory has been transferred, and injunction will lie to restrain intereference with such control.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

### No .268

No. 18388—The Royal Green Coach Company v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

118.    AUTOMOBILES — Public Utilities Commission may issue .certificates of public convenience to one or more of several applicants and deny others, as it finds are required to properly operate a bus line over a particular route applied for—Courts will not disturb its order, unless it appears from the record as unreasonable or unlawful.

ROBINSON, J.

Where there are more applicants for cer- tificates of convenience and necessity to oper- ate a motor bus line over a particular route between fixed termini than the public conven- ience and necessity require, and the Public Utilities Commission upon hearing issues a certificate of public convenience and necessity to such number of the applicants as it finds the public convenience and necessity require, and denies a certificate as to the other ap- plicants, this court will not disturb such order, unless it affirmatively appear from the record that the order is unreasonable or unlawful.

Order affirmed.

Marshall, C. J., Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 269

No. 18039—The Ohio Electric Railway Co. v. City of Greenville. Error to the Court of Appeals of Darke county.

103.    ASSESSMENTS. Franchise of elec- tric railway to occupy a street not taxable under 3812 GC. to construct a storm water sewer therein where the right is not exclusive —Such franchise and rails, poles, etc., are not "lots and lands" within the purview of such statute.

MARSHALL, C. J.

1. Section 3812 General Code, authorizing municipalities to levy assessments upon "spe- cially benefited lots or lands" to pay a por- tion of the cost of public improvements therein named, does not authorize an assessment to pay a portion of the cost of a storm sewer to be levied upon the franchise of an elec- tric railway granting it the right to occupy a portion of the street and to construct a rail- road thereon, such railway company not being given the exclusive use of the street, but the same being in common with the public for the purposes of travel, and for the use of other public utilities, including other railway companies, which have the right to use the rails by paying a reasonable compensation for such use.

2. Such franchise, and the rails, ties, poles and other construction for the operation of an electric railway upon and over the public streets, do not constitute "lots or lands" within the purview of said section.

Judgment reversed.

Robinson, Matthias, Day and Allen, JJ., con- cur. Wanamaker, J., not participating.